# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE ASSISTANT PRIVACY LITIGATION | Case No. 19-cv-04286-BLF<br>[RE: ECF 103] |
| EDWARD BREKHUS, et al.,<br>    Plaintiffs,<br>v.<br>GOOGLE LLC, et al.,<br>    Defendants. | Case No. 20-cv-05488-BLF<br>**ORDER CONSOLIDATING CASES**<br>[RE: ECF 11] |

Two related cases *In re Google Assistant Privacy Litigation*, Case No. 19-cv-04286-BLF ("In re Google Assistant")[1] and *Brekhus et al v. Google LLC et al*, Case No. 20-cv-05488-BLF (the "Brekhus Action") are assigned to the undersigned judge.

On August 24, 2020, the Court ordered the parties to show cause why the two actions should not be consolidated. *See* ECF 11 in Brekhus Action; ECF 103 in In Re Google Assistant. The plaintiffs in In re Google Assistant, as well as Defendants Google LLC and Alphabet, Inc., have filed responses in support of consolidation. *See* ECF 16 in Brekhus Action; ECF 105, 106 in In re Google Assistant. The plaintiffs in the Brekhus Action filed a response opposing consolidation. *See* ECF 18 in Brekhus Action.

---

[1] In re Google Assistant is the result of this Court's September 25, 2019 order consolidating *Kumandan et al v. Google LLC et al*, Case No. 19-cv-04286-BLF and *Galvan et al v. Google LLC et al*, Case No. 19-cv-04360-BLF. *See* ECF 42 in In re Google Assistant.

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Bodri v. Gopro*, Inc., 2016 WL 1718217, at *1 (N.D. Cal. Apr. 28, 2016) (internal quotation marks and citation omitted). In exercising its discretion, the Court "must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Kaminske v. JP Morgan Chase Bank N.A.*, Nos. SACV 09-00918, CV 09-6352, 2011 WL 521338, at *2 (C.D. Cal. Jan. 3, 2011) (citation omitted).

The two actions concern substantially the same parties and involve common questions of law and fact. First, both actions are brought against the same defendants, Google LLC and Alphabet Inc. The proposed classes also overlap. *Compare* ECF 1 at ¶ 51 in Brekhus Action (proposing class of "[a]ll natural persons who installed the Google Home devices in the United States" in the last four years) *with* ECF 86 at ¶ 80 in In re Google Assistant (proposing class of "[a]ll individual purchasers of a Google Assistant Enabled Device," including a subclass of purchasers of "Google Manufactured Device[s]" such as the Google Home "and members of their households, whose conversations were obtained by Google without their consent or authorization" since May 18, 2016). *See Diaz v. First Am. Home Buyers Prot. Co.*, No. 09-CV-00775, 2014 WL 12696519, at *3 (S.D. Cal. Sept. 24, 2014) (ordering consolidation of two cases that "purport to represent an overlapping putative class").

The actions arise out of similar alleged misconduct by Defendants, namely unauthorized recording of audio by Google Home devices without the utterance of a hot word or manual activation. *Compare* ECF 1 at ¶¶ 16, 18, 20–23, 27–28, 32–34 in Brekhus Action *with* ECF 86 at

2

¶¶ 54, 57–58, 60, 74, 189-91 in In re Google Assistant. Both actions allege that these recordings occurred because of Google's underlying software. See ECF 1 at ¶ 27, ECF 18 at 2-3 in Brekhus Action; ECF 86 at ¶¶ 43, 51, 58 In re Google Assistant.

Given this similarity, it is unsurprising that the actions present similar factual and legal questions. For example, the In re Google Assistant and Brekhus Action Plaintiffs share six claims for relief predicated on (1) the federal Wiretap Act, (2) California's Invasion of Privacy Act, (3) California's Unfair Competition Law, (4) invasion of privacy under the California Constitution, (5) common law intrusion upon seclusion, and (6) breach of contract. *Compare* ECF 1 at ¶¶ 60–68, 69–78, 117–129, 130–135, 136–143, 144–157 in Brekhus Action *with* ECF 86 at ¶¶ 96–119, 141–154, 155–166, 167-180, 181-196, 197-202 in In re Google Assistant. *See Amador v. Logistics Express, Inc.*, Nos. CV 10-4112, CV 10-4280, 2010 WL 3489038, at *1 (C.D. Cal. Aug. 27, 2010) ("Though the class definitions and claims somewhat differ, the numerous common legal questions present warrant consolidation of the two cases.") And although In re Google Assistant is in the early stages of discovery while the Plaintiffs in the Brekhus Action filed its first complaint last month, the inconvenience this temporal discrepancy may cause is not enough to outweigh the savings of resources that consolidation with accrue. As such, the Court finds that consolidation of the actions would further judicial economy.

Accordingly, Case No. 19-cv-04286-BLF and Case No. 20-cv-05488-BLF are HEREBY CONSOLIDATED for all purposes, including trial and dispositive motions. IT IS FURTHER ORDERED that:

(1) The Clerk of Court shall administratively consolidate Case Nos. 19-cv-04286-BLF and 20-cv-05488-BLF;

(2) The master docket and master file for the consolidated actions shall be Case No. 19-cv-04286-BLF and the consolidated action shall bear the caption In re Google Assistant Privacy Litigation;

3

(3) All orders, pleadings, motions, and other documents shall, when filed and docketed in the master file, be deemed filed and docketed in each individual case to the extent applicable;

(4) The Motion to Dismiss the Second Amended Consolidated Class Action, ECF 91 in No. 19-cv-04286-BLF, is terminated as moot. The Court notes that one of the efficiencies achieved by consolidation is streamlined motion practice allowing a single motion to dismiss to be presented to the Court;

(5) Plaintiffs shall file a Consolidated Amended Complaint ("CAC") on or before October 10, 2020; and

(6) Defendants shall answer or otherwise respond to CAC within 30 days of service.

**IT IS SO ORDERED.**

Dated: September 10, 2020

_____
BETH LABSON FREEMAN
United States District Judge